COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

February 3, 2015

Stephen E. Smith, Esquire
Baird Mandalas Brockstedt, LLC
6 South State Street
Dover, DE 19901

Steven Schwartz, Esquire
Schwartz & Schwartz
1140 South State Street
P.O. Box 541
Dover, DE 19903

      RE:   Geraldine Messick v. Estate of Ronald R. Messick
             Civil Action No. 6290-MA

Dear Counsel:

Ronald R. Messick passed away on October 6, 2010. The Register of Wills in Kent County issued letters testamentary to H. Cubbage Brown, Esq. on October 14, 2010. On March 17, 2011, the surviving spouse, Geraldine Messick, filed a timely petition for an elective share under 12 *Del. C.* § 906. The Estate of Ronald R. Messick has filed a petition for instructions, seeking a Court Order instructing the Estate that it may satisfy Mrs. Messick's elective share (1) entirely in cash, (2) entirely in kind, or (3) partially in cash and partially in kind, as the Executor chooses, and that Mrs. Messick has no right to dictate which assets she receives in satisfaction of her elective share.

A surviving spouse's elective share is an amount equal to one third of the elective estate, less certain transfers[1]. The elective estate is defined as the amount of the decedent's gross estate for federal estate tax purposes, whether or not a federal estate tax return is filed for the decedent.[2] According to a draft United States Estate Tax Return Form 706 attached to the petition for instructions, decedent's total gross estate equals nearly six and one half million dollars. Its assets include the Ronald R. Messick Revocable Trust,[3] real estate, shares in several corporations, membership in a limited liability company, notes receivable, life insurance, and miscellaneous tangible personal property.[4] Mrs. Messick believes that the Executor intends to distribute to her a one-third interest in each of the assets of the Estate,[5] and is concerned that as a minority owner, she will have little or no control over the business entities that she claims are being poorly run by the Executor/Trustee.[6] Mrs. Messick opposes the petition and argues that requiring

---

[1] See 12 *Del.C.* § 901(a).

[2] See 12 *Del. C.*§ 902(a).

[3] Brown is also Substitute Trustee of the Ronald R. Messick Revocable Trust.

[4] The parties previously agreed to include certain jointly-titled and solely-titled real estate interests owned by the decedent in his elective and contributing estates, as well as all corporate interests owned by decedent at the time of his death. Docket Item 32.

[5] Schedule M of the draft 706 Form ("Bequests, etc. to Surviving Spouse") shows Mrs. Messick as receiving one-third of each of the assets listed in Schedules A through F, including one-third of each item of tangible personal property.

[6] Mrs. Messick contends that no income tax returns have been filed for the decedent's six business entities for any of the four tax years ending after his death. Mrs. Messick believes that no filing extensions have been granted, and fears the

the Executor/Trustee to pay her elective share in cash would better promote decedent's intent by requiring unprofitable businesses to be sold.

12 *Del. C.* § 901(a) explicitly provides that "[t]he elective share may be satisfied in cash or in kind, or partly in each." This language is clear and unambiguous. Nevertheless, the amount of Mrs. Messick's elective share has yet to be finalized. It would be premature of the Court to issue an order of instruction that might be construed as foreclosing Mrs. Messick from disputing the valuation of her elective share or whether the proposed distribution of assets satisfies her elective share.[7] However, since the proposed order also states that Mrs. Messick retains the right to demand that her elective share be paid in full, I recommend that the proposed order be approved by the Court.

Sincerely,

*/s/ Kim E. Ayvazian*
Kim E. Ayvazian
Master in Chancery

KEA/kekz

---

business entities may be subject to substantial penalties and interest that would ultimately pass through to her if she became an owner.

[7] Under section 901(a), "[a]ssets distributed in satisfaction of the elective share" are valued as of the date of distribution."